UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-3-15

D'ARRIGO BROS. CO. OF NEW YORK, INC.,

Plaintiff,

-v-

MLPP LLC, *et al.*,

Defendants.

No. 15-cv-2041 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiff D'Arrigo Bros. Co. of New York, Inc. ("Plaintiff") brings this action against Defendants MLPP LLC and Megan Polifka (the "Defendants") pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. 499e(c) ("PACA"). Now before the Court are Plaintiff's motion for a preliminary injunction (Doc. Nos. 5, 20–28) and Defendants' motion to dismiss (Doc. No. 33). For the reasons set forth below, both motions are denied without prejudice to renewal.

I. BACKGROUND

On February 11, 2015, over a month before this action commenced, E. Armata, Inc. and Morris Okun, Inc. initiated a related action against both of the Defendants plus an additional defendant, Michael A. Flava, primarily asserting claims arising under PACA, and seeking damages of $270,512.25 plus interest, costs, and attorneys' fees. (No. 15-cv-1147 (RJS), Doc. No. 1.) Five weeks later, on March 18, 2015, Plaintiff filed its Complaint against the

Defendants, alleging violations of the same PACA trust, seeking damages of $14,464.00 plus interest, costs, and attorneys' fees, and simultaneously moving for a preliminary injunction. (Doc. Nos. 1, 5.)  Despite the existence of the earlier action against the same Defendants involving the same PACA trust, Plaintiff did not apprise the judge originally assigned to its action, Judge Pauley, of the related case.  On April 15, 2015, on Defendants' motion, this action was reassigned to my docket as related to the earlier action brought by plaintiffs E. Armata, Inc. and Morris Okun, Inc.  In addition to the three named plaintiffs in these actions, there are at least two other PACA creditors – LBD Produce and Gold Medal Produce – who intend to intervene if no settlement is reached.  (Doc. No. 13 at 2.)  All of the parties have engaged in extensive settlement discussions and the four largest creditors have agreed in principle to a settlement with a weekly repayment plan.  (*Id.* at 3.)  Plaintiff – the smallest creditor – is the lone holdout. Instead, Plaintiff continues to proceed with its preliminary injunction application, which no other party, including the two named plaintiffs in the related matter and none of the would-be intervenors, has joined.  On May 8, 2015, the Court heard oral argument as to Plaintiff's application for a preliminary injunction.  (Doc. No. 32.)

Additionally, on April 28, 2015, Defendants served Plaintiff with a Rule 68 Offer of Judgment for $15,000.00, which is "*inclusive* of reasonable attorneys' fees and costs." (Doc. No. 19–1 at 1 (emphasis added); *see* Doc No. 18 at 5.)  Defendants submit that this Offer encompasses the full relief sought by Plaintiff (Doc. Nos. 18, 33); Plaintiff disagrees, contending that Defendants' Rule 68 Offer of Judgment is not for the full relief requested in the Complaint (Doc. Nos. 24, 34).  Finally, on May 14, 2015, Defendants moved to dismiss the Complaint for

2

lack of subject matter jurisdiction on the grounds that Plaintiff's claims are moot in light of the
Rule 68 Offer.  (Doc. No. 33.)

## II. DEFENDANTS' RULE 68 OFFER OF JUDGMENT AND MOTION TO DISMISS

Defendants move to dismiss Plaintiff's Complaint as moot in light of the Rule 68 Offer of
Judgment for $15,000.00, dated April 28, 2015.  (Doc. No. 33.)  Under well-settled law, "if a
defendant consents to judgment in the maximum amount for which the defendant could be held
liable, 'there is no justification for taking the time of the court and the defendant in the pursuit
of . . . claims which [the] defendant has more than satisfied." *Doyle v. Midland Credit Mgmt.,
Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (per curiam) (citing *Abrams v. Interco Inc.*, 719 F.2d 23, 32
(2d Cir. 1983) (Friendly, J.)).  Defendants' Offer of Judgment is for $15,000.00, which is
"*inclusive* of reasonable attorneys' fees and costs."  (Doc. No. 19–1 at 1 (emphasis added); *see*
Doc No. 18 at 5.)  Defendants contend that this Offer covers the full relief sought by Plaintiff
(Doc. Nos. 18, 33); Plaintiff disagrees on the grounds that the Offer does not provide for
injunctive relief and offers less than the full monetary relief sought when interest, costs, and
attorneys' fees are considered (Doc. No. 24 at 5–7; Doc. No. 34).

In its Complaint, Plaintiff did not request a permanent injunction or any other permanent
equitable relief.  Instead, Plaintiff seeks only money damages of $14,464.00 plus interest, costs,
and attorneys' fees.  Yet Plaintiff nonetheless argues that "the complaint clearly seeks equitable
relief in the form of the *preliminary* injunction requested in plaintiff's order to show cause."
(Doc. No. 34 at 2 (emphasis added).)  However, the *preliminary* injunction sought by Plaintiff is,
by definition, *preliminary* relief, and would no longer be operative after the entry of final
judgment.  As the Second Circuit has explained, "[w]ith the entry of the final judgment, the life

3

of the preliminary injunction c[o]me[s] to an end, and it no longer ha[s] a binding effect on any one.   The preliminary injunction was by its very nature interlocutory, tentative and impermanent." *Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977) (citing *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 742 (2d Cir. 1953)). Accordingly, since Plaintiff's Complaint seeks only money damages of $14,464.00 plus interest, costs, and attorneys' fees, and any preliminary injunction would not remain in effect after the entry of final judgment, the Court finds that it is of no moment that Defendants' Rule 68 Offer does not include injunctive relief.

The Court nevertheless agrees with Plaintiff that Defendants' $15,000.00 Rule 68 Offer, *inclusive* of reasonable attorneys' fees and costs, falls just short of the maximum amount for which Defendants could be held liable.  That is, since Plaintiff seeks damages of $14,464.00 *plus* interest, costs, and attorneys' fees, the Court finds that Defendants' Offer is not for the full relief requested in Plaintiff's pleadings due to the presence of the word "inclusive."  In short, the Court finds that it is highly unlikely – and Defendants have made no attempt to show – that the total interest, costs, and attorneys' fees Plaintiff could recover is $536.00 or less.   Of course, Defendants could cure this defect by demonstrating that the total interest, costs, and attorneys' fees Plaintiff could properly recover is in fact $536.00 or less, or, more simply, by amending the Offer such that they would also pay interest, costs, and attorneys' fees *in addition* to the $15,000.00 (or $14,464.00) offered.  Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied without prejudice to renewal, provided that Defendants remedy the issues addressed herein.

III. PRELIMINARY INJUNCTION

As noted above, Plaintiff – joined by no other creditor – has moved for a preliminary injunction. It is by now axiomatic that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–690, 128 S. Ct. 2207, 2218–19 (2008); *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–12 (1982)). The Supreme Court has characterized injunctive relief "as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Based on the record before the Court, Plaintiff has failed to make such a showing since, although it is likely to succeed on the merits, the other three factors militate in favor of denying the motion.

With respect to the first factor, there is no dispute in the record that Plaintiff is likely to succeed on the merits: Defendants are subject to PACA, Plaintiff perfected its interest in the PACA Trust, the goods sold and invoiced were perishable agricultural commodities, and Defendants failed to pay and have not yet paid for those goods. However, contrary to Plaintiff's assertion that a preliminary injunction is essentially mandated in *all* PACA cases (Doc. No. 20 at 6; Doc. No. 27 at 3), Plaintiff's showing that it is likely to succeed on the merits, by itself, does not automatically entitle it to a preliminary injunction. The Second Circuit has noted that, even in a PACA case, "a preliminary injunction is an extraordinary remedy that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990)

(reversing a district court's grant of a preliminary injunction motion in a PACA case); *see also*

*Bonell Produce Co. Inc. v. Chloe Foods, Inc.*, No. 08-cv-4218 (FB) (CLP), 2008 WL 4951942, at

*4 (E.D.N.Y. Nov. 19, 2008) ("The existence of a PACA trust is not, in itself, sufficient to

warrant injunctive relief."). As the Second Circuit has made clear, "[PACA] does not authorize

the granting of an injunction on a more lenient standard than required under the district court's

ordinary equity injunction" framework. *JSG Trading Corp.*, 917 F.2d at 79. Thus, the movant

must address the other three preliminary injunction factors, namely, it must show that it "is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in

[its] favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citing *Munaf*,

553 U.S. at 689–690; *Amoco Production Co.*, 480 U.S. at 542; *Weinberger*, 456 U.S. at 311–12).

The Court finds that Plaintiff's motion fails with respect to each of these three factors.

To prove the second factor, irreparable harm, the movant "must show that it is *likely* to

suffer irreparable harm if equitable relief is denied." *JSG Trading Corp.*, 917 F.2d at 79

(emphasis in original). "Likelihood sets, of course, a higher standard than 'possibility.'" *Id.*

Here, Plaintiff has failed to submit any evidence of irreparable harm, other than its unsupported

assertion that, since Defendants have not yet paid for the produce, Defendants may continue to

dissipate the PACA trust. Indeed, the sole factual assertion relating to irreparable harm is set

forth in a lone, conclusory sentence in Plaintiff's motion papers that "[i]n the absence of

injunctive relief, certain of the PACA trust assets received by MLPP, and of which the plaintiff

are the beneficiaries, will be used by MLPP to satisfy other debts, or otherwise dissipated."

(Doc. No. 20 at 4.) Plaintiff's reply memorandum repeats, in substance, the same bald

allegation: "the irreparable harm is that the defendant may continue to dissipate the PACA Trust

without paying the plaintiff." (Doc. No 24 at 4.) In *JSG Trading Corp.*, the Second Circuit reversed the district court's grant of a preliminary injunction motion, finding that the movant had failed to demonstrate irreparable harm, since the defendant's mere failure to pay for an order of tomatoes was insufficient to show that the defendant "is not or may not be in a position to pay creditors' claims." 917 F.2d at 79–80. Plaintiff's allegations here are similarly threadbare, and overlook the fact that: (1) Defendants have made Plaintiff a Rule 68 Offer of Judgment for $15,000.00 – more than the amount owed by Defendants (but, as noted above, insufficient with respect to interest, costs, and attorneys' fees); (2) the four other – and far larger – creditors have refused to join Plaintiff's motion; and (3) Defendants have represented – with no rebuttal from Plaintiff – that they have agreed to start making weekly payments to a trust account beginning May 1, 2015 (Doc. No. 13 at 3). Accordingly, based on the limited factual record here, the Court finds that – as the Second Circuit concluded in *JSG Trading Corp.* – Plaintiff has failed to submit any evidence of irreparable harm other than Defendants' non-payment, which is not enough on its own to warrant a preliminary injunction.

As for the third and fourth factors, the balance of equities and the public interest, the Court finds that they also favor denying Plaintiff's motion. In addition to Plaintiff, there are at least four other and larger PACA creditors also seeking repayment from Defendants: plaintiffs E. Armata, Inc. and Morris Okun, Inc. seek damages of $270,512.25, a figure which dwarfs Plaintiff's $14,464.00 demand (No. 15-cv-1147 (RJS), Doc. No. 1; Doc. No. 13 at 2), and would-be intervenors LBD Produce and Gold Medal Produce also have claims that exceed the amount owed to Plaintiff. These four, larger creditors have agreed in principle to a settlement with a weekly repayment plan (*id.* at 3) and have refused to join Plaintiff's preliminary injunction

7

motion, leaving Plaintiff – the smallest creditor – as the lone holdout.  Presumably, the interests of all of the PACA creditors are aligned in that each seeks repayment from Defendants. However, as counsel for Plaintiff indicated during oral argument, Plaintiff's divergence from the other creditors appears to be motivated at least in part by a desire to punish Defendants and, in fact, put them out of business once and for all on the theory that thinly-financed operations like Defendants' are detrimental to the entire industry.  (*See* Transcript at 2:22–23 ("I don't want [Defendants] to be able to continue to operate."))  Put simply, the preference of an overwhelming majority of the creditors and the punitive, non-economic motives expressed by Plaintiff are relevant factors in assessing the balance of equities in this matter, and tip the equities against Plaintiff's motion.  Accordingly, the Court finds that the equities support a denial of Plaintiff's motion.

Similarly, it could be argued that Plaintiff's request is contrary to PACA's text and purpose, and therefore counter to the public interest.  PACA explicitly provides that all commodities and sales proceeds shall be held in trust "for the benefit of *all* unpaid suppliers or sellers . . . involved in the transaction."  7 U.S.C. § 499e(c)(2) (emphasis added).  Although here there is disagreement among the PACA creditors as to whether the proposed settlement would be preferable to injunctive relief, the fact that four of the five – and easily the largest – creditors believe that injunctive relief would undermine their ability to recoup funds from Defendants counsels against granting Plaintiff's preliminary injunction motion.

Accordingly, because Plaintiff has failed to meet the requirements for a preliminary injunction, Plaintiff's motion is denied without prejudice to renewal, provided that the shortcomings addressed herein are remedied.

IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT both motions are DENIED without prejudice to renewal. IT IS FURTHER ORDERED THAT, by June 15, 2015, the parties shall either cure the defects set forth above and renew the motions denied in this Order, or submit to the Court a proposed case management plan and scheduling order. A template for the proposed case management plan and scheduling order is available at: http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1059. The Clerk of the Court is respectfully directed to terminate the motion at docket entry 33.

SO ORDERED.

Dated:      June 3, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE